"With that averment I think the plea of infancy, with the contract of hiring, would have been a complete answer to the action. But without such averment I think the court were bound to presume it was a willful injury, which would amount to an election by the infant to disaffirm the contract. I therefore am of the opinion that the judgment of the Supreme Court on the pleadings as they stood was correct."

This is in harmony with the rule prevailing in this state that the burden of proof rests with the bailee for hire to show that an injury which does not ordinarily occur was not occasioned by his negligence, where the property is exclusively in his possession. Selesky v. Vollmer, 107 App. Div. 300, 95 N. Y. Supp. 130. It is to be noted that Willard Bartlett, J., who wrote the opinion of the court in Young v. Muhling, supra, concurred in the opinion in Selesky v. Vollmer, supra; the opinion of the court being unanimous. The defendant here could plead infancy, and it was in part good; but he was bound to show, in addition, that the horse was injured under circumstances consistent with the immunities which belong to infancy. He could not, by his mere silence, place the burden of the injury upon the plaintiff. He could show that the horse was injured while he was driving him with the degree of care which infancy justified, and in the absence of such proof there was ground for a judgment against him.

The order and judgment appealed from should be affirmed, with costs. All concur.

---

PEOPLE v. STANDARD PLATE GLASS & SALVAGE CO., Inc.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

INSURANCE ⊕⇒2—GLASS INSURANCE—CONTRACT OF INSURANCE.

Where defendant corporation proposed by contract to care for plate glass, for a fixed term, for a certain consideration, and to replace the broken glass, if a breaking occurred within the period of the contract, defendant was attempting to do an insurance business, in violation of the statute, the provision of the contract relating to care of the glass being merely for an inspection, and really for the protection of the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1½; Dec. Dig. ⊕⇒2.]

Appeal from Special Term, Albany County.

Action by the People against the Standard Plate Glass & Salvage Company, Incorporated, to vacate its charter for doing an insurance business. Judgment for plaintiffs, and from it, and an order, defendant appeals. Affirmed.

The following is the opinion of the trial court, per Rudd, J.:

This action is brought, asking for a judgment vacating the charter of the defendant and annulling its corporate existence, upon the ground and for the reason that the defendant company has exercised insurance powers and is doing an insurance business, contrary to the statute. The defendant interposed a demurrer to the complaint, alleging a single ground, that the complaint fails to set forth facts sufficient to constitute a cause of action.

This action is brought under an order of the Special Term granting leave to the Attorney General pursuant to section 131 of the General Corporations

Law (Consol. Laws, c. 23). The defendant is clearly doing, or attempting to do, an insurance business. Defendant's proposed contract provides for the care for a fixed term, for a certain consideration, of plate glass, and in the event that the glass is broken within the period of the running of the contract the defendant agrees to replace the broken glass. A plate glass insurance policy issued by a company authorized to do plate glass insurance provides for the replacing of glass in the event of its being broken or for the payment of a given sum of money, either one or the other. The fact that the defendant's contract provides, in addition to the replacing of a broken glass to keep the glass puttied in the frame during the period of the contract is quite beside the mark. This provision of the contract is simply in the nature of an inspection, and is really for the protection of the company insuring the glass. Because the company agrees to inspect and to putty does not alter in any way the nature of the contract. No plate glass owner enters into one of these contracts, agreeing to pay a stipulated sum for the purpose of having his window glass puttied, he takes it for the purpose of insuring himself against loss by reason of the breakage of the glass. It looks like an attempt to evade the provisions of the Insurance Law (Consol. Laws, c. 28).

The demurrer is overruled, and the plaintiff may enter judgment absolute, annulling the corporate existence of the defendant, with the costs to the plaintiff and against the defendant.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Randolph M. Newman and Meyer Levy, both of New York City, for appellant.

Egburt E. Woodbury, Atty. Gen. (Wilbur W. Chambers, Deputy Atty. Gen., of counsel), for the People.

PER CURIAM. Judgment and order unanimously affirmed, on the opinion of Mr. Justice Rudd at Special Term, with costs, with usual leave to answer on payment of costs in this court and in the court below.

---

## ADRIANCE, PLATT & CO. v. KELLEY.

(Supreme Court, Appellate Division, Third Department.   January 18, 1916.)

1. PRINCIPAL AND SURETY ⬤⟳83—LIABILITY—DEPARTURES FROM CONTRACT.

A sales agent guaranteed payment to plaintiff of all machines sold by him and of all notes taken on account, and agreed that all notes should contain either the indorsement of a responsible party or a property statement showing the maker to be worth at least $1,500 in unincumbered real estate. Defendant guaranteed the agent's performance. Held that, as defendant was either a surety or a guarantor, she is not liable if there has been a departure from the contract, whether it was injurious or not, and so, where plaintiff accepted notes in payment of machines, though they did not contain the indorsement of a responsible party or the required property statement, defendant cannot be held liable.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 129, 130; Dec. Dig. ⬤⟳83.]

2. PRINCIPAL AND SURETY ⬤⟳161—LIABILITY OF SURETY—EVIDENCE.

One who guaranteed performance of a sales agent's agreement that he would guarantee payment of all machines sold by him and of all notes

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes